Filed 1/23/23 P. v. Schanuth CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ARNOLD WAYNE SCHANUTH,<br><br>　　　　　Defendant and Appellant. | C095754<br><br>(Super. Ct. No. CRF2100211) |

Defendant Arnold Wayne Schanuth pleaded no contest to assault with a deadly weapon, and admitted allegations that the crime resulted in great bodily injury and that he had a prior strike conviction. Defendant also admitted that he had been on postrelease community supervision (PRCS) at the time of the crime and had violated the terms of that supervision. As part of the negotiated plea, defendant entered into a *Cruz*[1] waiver. The trial court subsequently found that defendant violated the *Cruz* waiver and imposed an aggregate upper term sentence of 11 years in prison.

---

[1] *People v. Cruz* (1988) 44 Cal.3d 1247.

1

Defendant now contends his sentence should be vacated and the matter remanded for resentencing in light of the passage of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which altered the methodology for selecting an appropriate triad term. (§ 1170, subd. (b); Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.) Defendant also claims substantial evidence does not support the trial court's determination that he violated his *Cruz* waiver. The People agree with defendant's first contention, but disagree with the second. Finding merit in the first contention, we will affirm the convictions, vacate the sentence, and remand for resentencing.

BACKGROUND

The People's April 2021 information charged defendant with assault with a deadly weapon (a knife) (Pen. Code, § 245, subd. (a)(1))[2] with special allegations that the crime resulted in great bodily injury (§ 12022.7, subd. (a)) and that defendant had a prior strike conviction (§§ 667, subds. (b)-(i), 1170.2, subd. (b)). On June 16, 2021, defendant pleaded no contest and admitted the enhancement allegations. He also admitted he had been on PRCS at the time of the crime and had violated that supervision. As part of the negotiated plea, defendant entered into a *Cruz* waiver agreement wherein he would be released pending sentencing under certain terms and conditions, including that he obey all laws. If defendant successfully complied with the *Cruz* waiver, the trial court would dismiss his prior strike allegation, and defendant would be sentenced to probation. If not, defendant would receive a prison sentence of up to 11 years.

On November 1, 2021, the trial court conducted an evidentiary hearing, ultimately concluding that defendant violated the *Cruz* waiver by committing violations of section 240 [assault] and section 243, subdivision (e)(1) [battery]. Thereafter, on December 27, 2021, the trial court sentenced defendant to an aggregate prison term of

---

[2] Undesignated statutory references are to the Penal Code.

11 years as follows: the upper term of four years, doubled because of the prior strike, plus three years consecutive for the great bodily injury enhancement.

## DISCUSSION

### I

Defendant asks that we vacate his sentence and remand for a full resentencing hearing in light of the legislative changes brought about by Senate Bill 567. The People agree that Senate Bill 567 applies retroactively and that remand is necessary.

Effective January 1, 2022, when a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the trial court must impose a term not exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term exceeding the middle term and the facts underlying those aggravating circumstances (1) have been stipulated to by the defendant, (2) have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial, or (3) relate to the defendant's prior convictions and are based on a certified record of conviction. (§ 1170, subd. (b)(1)-(3); Stats. 2021, ch. 731.) The amendments apply retroactively to defendant's nonfinal judgment on appeal. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109.)

Here, the trial court weighed multiple factors in aggravation and mitigation before electing to impose the upper term, but the finding of only one circumstance in aggravation (that defendant was on PRCS when he committed the crime) was arguably consistent with the new requirements imposed under Senate Bill 567. (§ 1170, subd. (b)(1), (2).) Because the findings for most of the factors clearly were not consistent with the new requirements, it is unclear whether the trial court would have imposed the upper term under the law as amended by Senate Bill 567. Given that the parties agree with remand, we will vacate defendant's sentence and remand for sentencing. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 902.)

3

## II

Defendant next argues there is insufficient evidence to support the trial court's determination that he violated his *Cruz* waiver.

At the contested hearing on the alleged violation, defendant's fiancé indicated she had been drinking on the day in question and had limited recall of the events. The fiancé and defendant had argued, she asked him to pull the car over, and she called her father to come get her, but she denied that the argument was physical or that she had reported physical abuse to the reporting officer.

However, another witness testified that he saw a commotion in an orange car in the parking lot. The witness saw defendant yell at the fiancé and then strike her on the side of her face. The witness told others to call 911. Defendant threatened to assault the witness and then returned to the car, where it looked like he grabbed or hit the fiancé.

Officer Daniel Fiut responded to the parking lot and interviewed the fiancé. She told him defendant had "backhanded her a couple times" on the shoulder and shook her by her triceps with his hands. The fiancé did not have any visible injuries and did not ask to press charges.

The trial court determined that acts of domestic violence had occurred in violation of section 240 [assault] and section 243, subdivision (e)(1) [battery], and that defendant had violated his *Cruz* waiver.

A trial court determines whether a defendant violated a condition of his *Cruz* waiver by a preponderance of the evidence, and we review this determination for substantial evidence. (*People v. Rabanales* (2008) 168 Cal.App.4th 494, 509.) In conducting this evaluation, " '[t]he power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination.' " (*Ibid.*, italics omitted.) Accordingly, " '[w]e do not reweigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier

4

of fact.' " (*Ibid.*) Testimony of a single witness is sufficient to support a conviction, unless that testimony is either " 'physically impossible or inherently improbable.' " (*Ibid.*, citing *People v. Young* (2005) 34 Cal.4th 1149, 1181.)

Here, the trial court credited the witness's testimony that he saw defendant strike the fiancé. Further, the fiancé told Officer Fiut that defendant backhanded her shoulder multiple times and also shook her by her triceps. There was nothing physically impossible or inherently improbable about this testimony, which constitutes substantial evidence that defendant committed assault (see § 240; CALCRIM No. 915) and battery (see § 243 subd. (e)(1); CALCRIM No. 841). Accordingly, substantial evidence supports the trial court's determination that defendant violated his *Cruz* waiver by violating his promise to obey the law.

## DISPOSITION

Defendant's convictions are affirmed, but the sentence is vacated and the matter is remanded for resentencing under current applicable law. Following resentencing, the trial court shall prepare an amended abstract of judgment, as appropriate, and send the amended abstract to the Department of Corrections and Rehabilitation.

/S/
MAURO, Acting P. J.

We concur:


/S/
KRAUSE, J.


/S/
BOULWARE EURIE, J.

5